MAUREEN E. MCCLAIN, Bar No. 062050
Email: mmcclain@littler.com
CONSTANCE E. NORTON, Bar No. 146365
Email: cnorton@littler.com
AIMÉE E. AXELROD, Bar No. 255589
Email: aaxelrod@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:     415.433.1940
Facsimile:      415.399.8490

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SEAN GUILFOYLE,<br><br>             Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No.  12-CV-00703 GEB CKD<br><br>**STIPULATION AND PROTECTIVE AND FRE 502(D) & (E) CLAWBACK ORDER**<br><br>Complaint Filed:  December 8, 2011 |

Plaintiff Thomas Allen ("Plaintiff") and Defendant Dollar Tree Stores, Inc. ("Defendant"), by their respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, the parties to this proceeding anticipate that during the course of the above-captioned litigation, the parties will produce or provide documents and information (including electronic data), which one or more parties contend contain trade secrets or other sensitive, private, confidential or proprietary information;

**WHEREAS**, the parties to this proceeding wish to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with the minimum of delay and expense;

**WHEREAS**, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information), and other information, including without limitation, metadata (collectively, "document" or "documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

**WHEREAS**, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, this Stipulation is designed to foreclose any argument the disclosure of documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents, that the Producing Party did not take reasonable or timely steps to rectify such disclosure and/or acts as a waiver of applicable privileges or protections associated with such documents.

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:**

1. In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential Information" under the terms of this Stipulated Protective Order ("Order"). Neither party shall designate any discovery material as "Confidential Information" without first making a determination that the information is properly subject to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good faith. "Confidential Information" shall not be disclosed except as provided for herein.

2. "Confidential Information" includes:

    (a) Information that any party reasonably believes has not lawfully been made public and which concerns or relates to the personnel information, processes, objectives, strategies, plans, advertising, methodologies, procedures, operations, type of work, products, services, sales, purchases, transfers, identification of customers, customer information, bank and payroll related agreements, policies, marketing plans, vendor information, profit margins, product quantities and costs amount or source of income, costs, profits, losses, financial information, business forecasts, or expenditures of any person, firm, partnership, corporation, or other organization or organizational structure, if the disclosure of such information has the effect of causing harm or potential harm to the competitive position or privacy rights of the person, firm, partnership, corporation, or to the organization from which the information was obtained or of third parties, including but not limited to persons transacting business with any of the parties to this action.

    (b) The personnel records of current or former employees or applicants of Defendant, Defendant's parent company and affiliates, or non-parties acquired by or otherwise associated with Defendant; and,

(c) Any sensitive or private personal information, such as social security numbers, driver's license numbers, home or business addresses, home or business phone numbers for any individual, financial or tax information, and medical information.

3. Documents that are confidential under this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "Confidential" or "Confidential Information" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "Confidential" or "Confidential Information" on the cover of any multi-page document (or on the cover of a disk containing electronic data) shall designate all pages of the document as confidential, and all data contained on a disk as confidential, unless otherwise indicated by the producing party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "Confidential" or "Confidential Information" legend for purposes of substitution of the original documentation, and all parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

4. The inadvertent or unintentional disclosure of "Confidential Information" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed "Confidential Information" shall be designated as "Confidential Information" as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend "Confidential Information," whereupon the unmarked copies will be returned or destroyed.

5. Portions of transcripts of depositions, in which any "Confidential Information" is quoted, paraphrased, discussed, or referred to, or in which the subject matter covered by any "Confidential Information" is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying "Confidential Information" and shall be designated as confidential. Requests for such confidential treatment may be made at the deposition or at the latest within twenty (20) calendar days after receipt of a transcript thereof. All transcripts of depositions shall be treated as Confidential for at least that 20-day period.

6. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only by the parties to this action for purposes of resolution of the claims asserted in this action, any trial and appeal of this action, and enforcement of any award or judgment thereon. Information designated as "Confidential Information" under this Order, and any summaries, copies (including electronic copies), abstracts, or other documents derived in whole or in part from information, designated as Confidential, shall be used only by the parties to this action; for the purpose of the prosecution, defense, or settlement of the claims asserted in this action, any trial and appeal of this action and the enforcement of any award or judgment based on such claims, and for no other purpose.

7. At the request of Counsel for Plaintiff, Defendant has agreed to the following exceptions to Paragraph 6, above.  Although, Defendant makes this concession to Plaintiff, Defendant continues to assert (and the Court has so ordered) that this action and the following actions are unrelated and should be maintained as separate, distinct cases throughout the litigation process.  Defendant agrees that Plaintiff may use discovery by the parties to this action for purposes of resolution of the claims asserted in the following two actions, any trial and appeal of the following two actions, and enforcement of any award or judgment thereon for those two actions.  Information designated as "Confidential Information" under this Order, and any summaries, copies (including electronic copies), abstracts, or other documents derived in whole or in part from information, designated as Confidential, shall be used only by the parties to this action and the following two actions; for the purpose of the prosecution, defense, or settlement of the claims asserted in this action or the following two actions, any trial and appeal of this action or the following two actions, and the enforcement of any award or judgment based on such claims.

(a)   *David Trowbridge v. Dollar Tree Stores, Inc.*, Case No. 2:12-CV-00704 MCE GGH; and

(b)   *Thomas Allen v. Dollar Tree Stores, Inc.*, Case No. 2:12-CV-00121 GEB-CKD.

8. "Confidential Information" produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff

employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons."  A Qualified Person is a person who falls into one of the categories set forth below:

(a) A party, or a current or former officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) Experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense or settlement of this action provided; however, that prior to disclosure of any "Confidential Information" to an expert or consultant, the party that wishes to make the disclosure shall affirm that the expert or consultant has not previously been retained by the non-disclosing party or a competitor of the non-disclosing party.  (A competitor shall be defined as any discount variety retailer.)  If the expert or consultant has been so retained, the parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the expert or consultant of any "Confidential Information;"

(c) Witnesses testifying at deposition or at any hearing in this matter either during their testimony or in preparation therefore; however, if a witness refuses to sign the Nondisclosure Agreement, the parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any "Confidential Information;"

(d) Any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding; and

(e) Any other person ordered by the Court or as to whom all parties in writing agree.

9. Any person or entity to whom "Confidential Information" is disclosed pursuant to Subparagraphs 8 (a)-(e), above, shall, prior to receiving such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in **Attachment A** hereto, such forms to be maintained by counsel for the party sharing "Confidential Information" and undertaking to have such forms executed.

10. On the request of any party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which "Confidential Information" is used, referred to or discussed.

11. The restrictions set forth in this Order shall not:

(a) Apply to any discovery matter which a party can show was lawfully possessed, obtained, or developed by it other than through discovery in this action;

(b) Apply to any information which lawfully is or lawfully becomes public knowledge in a manner that is not in violation of this Order;

(c) Operate as an admission by the recipient that any of the information contains or reflects "Confidential Information;"

(d) Prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

(e) Prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) Prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any "Confidential Information;"

(g) Prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

(h) Be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery;

(i) Be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

12. This Order shall be without prejudice to the right of any party at any time after information is designated "Confidential Information" to file a motion with the Court, upon not less than ten (10) calendar days' notice to all parties: (i) to challenge the designation of any particular

document or information as Confidential or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the designating party; or (ii) seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  The Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order.

        13.    The parties will comply with the sealing requirements of Eastern District of California Local Rule 141 if they believe they should file under seal any "Confidential" Material. Defendant's use of such designations shall only apply to documents containing private, trade secret, business confidential, and proprietary information of the Defendant, the public disclosure of which would be detrimental to Defendant's competitive interests or the privacy rights of its current and former employees.  The designation of a document in a manner that warrants sealing shall be subject to a meet and confer requirement if objected to by the other party.  The sealing requirements of Local Rule 141 will apply to any document so designated until and unless a Court orders that the documents are not subject to seal.

        14.    The burden of establishing that any information designated as "Confidential Information" Material meets the definitions set forth herein shall be on the party that seeks to uphold the designation.  Any information or documents designated as "Confidential Information," which are subject to sealing motion pursuant to Paragraph 13 shall be treated as "Confidential Information" in accordance with the terms of this Order until such time as the Court rules otherwise.

        15.    All documents produced in this proceeding shall be used by the party to whom such documents are produced solely for purposes of the investigation and/or resolution of the claims arising in this action, any trial and appeal of this action, and the enforcement of any award thereon and for no other purpose.

        16.    Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a party's discovery request, or informal production, as follows:

(a) The inadvertent production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information.

(b) The inadvertent production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Receiving Party.  Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product protected documents.

(d) If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party, the Producing Party will, within five (5) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection, and in the event, if any portion of the document does not contain privileged or protected information, the Producing Party shall also

provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e) If, during the course of this litigation, a party determines it has produced a document protected from discovery by a legally recognized claim of privilege or other protection, the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the document, data and/or information inadvertently produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection, and in the event any portion of the document that does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.  After receiving such written notification, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified document and any copies, along with any notes, abstracts, or compilations of the content thereof.

(f) To the extent that an inadvertently produced document has been loaded into a litigation review database, the Producing Party can elect to either (i) have the document returned or destroyed via an extraction of the electronic copies from the database; or (ii) have the document disabled from further use or otherwise rendered inaccessible to the Receiving Party in the litigation review database.  If the Producing Party selections option (i), it shall bear the costs of the return or destruction of such electronic copies.

(g) To the extent that the information contained in a document subject to a claim of privilege or other protection has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the specified

document before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The Producing Party shall preserve the specified document until the claim is resolved.

(h) The Receiving Party's return, sequestering, or destruction of such privileged or protected documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed documents on the ground that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(i) Either party may submit the specified documents to the Court under seal for a determination of the claim of privilege or other protection and will provide the Court with the grounds for the asserted privilege or protection. The Receiving Party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Courts determination of the claim.

(j) Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

(k) Nothing contained herein is intended to, or shall serve to limit a party's right and obligation to conduct a review of documents for relevance, responsiveness, or the segregation of privileged and/or protected information.

17. All "Confidential Information" information shall be returned to the Producing Party as follows:

    (a) Within thirty (30) calendar days of the conclusion of the Litigation by settlement, dismissal or entry of judgment, and subject to sub-paragraphs (c) and (d) below, all "Confidential Information" information, including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, shall be returned to the producing party.  Counsel for each party shall additionally certify to counsel for the opposing party, in writing, that any and all such "Confidential Information," including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, or produced by the opposing party, has been returned.

    (b) If "Confidential Information" information is furnished to outside experts or consultants pursuant to Paragraph 8(b), the attorney for the party using such expert or consultant shall have the responsibility of ensuring, within thirty (30) calendar days of the termination of the litigation, that all such "Confidential Information" including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, is returned to the producing party, and so certifying in writing as provided in sub-part (a) above.

    (c) Counsel of record for the parties may indefinitely retain one copy of any part of the "Confidential Information" produced by others that has become part of the official record of this litigation as well as abstracts or summaries of materials that reference "Confidential Information" that contain counsel's mental impressions or opinions.  Such copy shall remain subject to the terms of this Protective Order and shall not be used by the Receiving Party for any other purpose whatsoever, including but not limited to, other litigation.

    18. Under this Order, Professional Rule of Conduct 3-700 is inapplicable to the "Confidential Information" produced by the opposing side in discovery; and no copies (electronic or otherwise) of an opposing party's "Confidential Information" shall be retained as part of any "client file" at the conclusion of this litigation.

19. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe, or modify its terms for three (3) years after the final disposition of this action.

20. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of the Court pending its formal approval by the Court.

THE FILER OF THE DOCUMENT ATTESTS THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.

Dated:  October 4, 2012

By: /s/Constance E. Norton
MAUREEN E. MCCLAIN
CONSTANCE E. NORTON
AIMÉE E. AXELROD
LITTLER MENDELSON

Attorneys for Defendant
DOLLAR TREE STORES, INC.

Dated:  October 4, 2012

By: /s/Jeffrey D. Fulton
JEFFREY D. FULTON
DAVID GRAULICH
LAW OFFICE OF JEFFREY FULTON

Attorney for Plaintiff
THOMAS ALLEN

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: October 9, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

As a condition to inspecting or otherwise using documents and information produced in the above-captioned action, I certify that I have read the attached Stipulation and Protective and FRE 502(d) & (e) Clawback Order (the "Stipulation and Order") regarding the handling of documents and information designated as "Confidential" or "Confidential Information" and hereby agree to make no use of such documents and/or information except as permitted by the express terms of the Stipulation and Order, to make no disclosure of such documents and/or information to persons other than those who may have access to it under such Stipulation and Order, to return all originals and all copies of such documents and/or information when required to do so under the Stipulation and Order, and otherwise to be bound by all of the terms and provisions of the Stipulation and Order.

Dated: _____      Signed:_____

Firmwide:114766307.1 061603.1067