IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN GUILFOYLE,  )
                                  )    2:12-cv-00703-GEB-CKD
       Plaintiff,  )
                                  )
  v.  )    <u>ORDER</u>
                                  )
DOLLAR TREE STORES, INC.,  )
                                  )
       Defendant.  )
_____ )

        Defendant seeks to file under seal multiple documents and/or portions of documents in support of its pending summary judgment motion. In essence, Defendant argues that the information it seeks to file under seal "contains confidential business and proprietary information about [Defendant's] finances, business model, operational practices and compensation structure, the disclosure of which would be detrimental to [Defendant's] financial and competitive interests," and "private information about current and former employees, the disclosure of which would be detrimental to third party privacy rights." (Def.'s Not. of Req. to Seal 2:12-25, ECF No. 41.)

        Defendant indicates in its Request to Seal Documents, which was submitted for *in camera* review:

> [t]he portions of the MSJ and supporting documents [Defendant] requests to seal are very limited so as to minimize any negative impact to the public's right to access court records. Only certain salary dollar amounts related to salaries, sales numbers, SPEH numbers, and proprietary business information are the subject of this request[, and] . . . only . . . employee names [are sought to be

1

        redacted] in order to preserve their individual privacy rights.

(Def.'s Req. to Seal 5:13-16, 6:9-10.) However, the following documents were neither filed on the public docket in redacted form, nor did Defendant indicate in the documents submitted in support of its sealing request that it seeks to file them under seal in their entirety:

        Exhibits B-D to the Declaration of Julie Ash;

        Exhibits F-I to the Declaration of David McDearmon; and

        Exhibit 101 to Plaintiff's deposition, which is attached as Exhibit A to the Declaration of Constance Norton.

(See Decl. of Constance Norton in Supp. of Def.'s Req. to Seal ¶¶ 5-7, 13-14, 21.)

        Therefore, no later than August 28, 2013, Defendant shall either file on the public docket a redacted version of the referenced documents or demonstrate under the sealing standard sufficient justification for sealing all contents in the referenced documents. Decision on Defendant's sealing request will then follow.

Dated: August 26, 2013

_GARLAND E. BURRELL, JR._
Senior United States District Judge