UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GUILFOYLE,<br><br>        Plaintiff,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>        Defendant. | No. 2:12-cv-00703-GEB-CKD<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO SEAL DOCUMENTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant seeks to file under seal multiple documents and/or portions of documents in support of its pending summary judgment motion. (See Def.'s Notice of Req. to Seal, ECF No. 41.) Specifically, Defendant requests the following documents be filed under seal:

      Exhibits B-D to the Amended Declaration of Jill Ash (ECF No. 59);

      Lines 2:25, 3:5, 3:7-9 in the Declaration of Randy Davison (ECF No. 50);

      Line 4:8 and exhibit F to the Declaration of Carlos Hernandez (ECF No. 47);

      Lines 3:20, 3:22, 3:24, 3:25, 3:27, 4:2; exhibits A, C-E, J-L; and portions of exhibits F-I to the Amended Declaration of David McDearmon (DEC No. 57);

      Portions of Exhibit A to the Amended Declaration of Constance E. Norton (ECF No. 56);

1 Lines 3:15, 3:17-18, 3:20-22, 3:24-27, and exhibit A to
2 the Declaration of Steven Pearson (ECF No. 51);
3 Exhibit A to the Declaration of Brian Prettyman (ECF
4 No. 52);
5 Lines 5:8, 5:16-18, 5:21, 5:24-25, 6:6, 6:11, 6:16,
6 11:23, 14:6, and 15:8 in the Memorandum of Points and Authorities
7 in Support of Defendant's Motion for Summary Judgment and/or
8 Partial Summary Judgment (ECF No. 42); and
9 Undisputed Facts Nos. 8-15, 17-19, 22-23, 65, and 100-
10 101 in the Separate Statement of Facts submitted in support of
11 Defendant's Motion for Summary Judgment and/or Partial Summary
12 Judgment (ECF No. 43).
13 In essence, Defendant argues that the information it
14 seeks to file under seal "contains confidential business and
15 proprietary information about [Defendant's] finances, business
16 model, operational practices and compensation structure, the
17 disclosure of which would be detrimental to [Defendant's]
18 financial and competitive interests," and "private information
19 about current and former employees, the disclosure of which would
20 be detrimental to third party privacy rights." (Def.'s Not. of
21 Req. to Seal 2:12-25.)
22 "Courts have long recognized a 'general right to
23 inspect and copy public records and documents, including judicial
24 records and documents.'" Williams v. U.S. Bank Ass'n, --- F.R.D.
25 ----, 2013 WL 3119055, at *2 (E.D. Cal. 2013) (quoting Nixon v.
26 Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "Unless a
27 particular court record is one 'traditionally kept secret,' a
28 'strong presumption in favor of access' is the starting point."

Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir.2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." Williams, 2013 WL 3119055, at *2 (citing Kamakana, 447 F.3d at 1178-79).

"Two standards generally govern motions to seal documents[.]" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "The Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause' to justify sealing." Williams, 2013 WL 3119055, at *2 (citing Pintos, 605 F.3d at 678). "Conversely, 'the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.'" Id. (quoting Kamakana, 447 F.3d at 1179). "Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Id. (citing Kamakana, 447 F.3d at 1178).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). "'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." Williams, 2013 WL 3119055, at *3 (alteration in original) (quoting Nixon, 435 U.S. at 598). Also, "[p]rivacy interests of non-parties . . . may weigh heavily against public access to the information at issue." King Pharmaceuticals, Inc. v. Eon Labs, Inc., 2010 WL 3924689, at *9 (E.D.N.Y. Sept. 28, 2010) (citing United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

Here, each of the documents and/or portions of documents Defendant seeks to file under seal comprises business information the public disclosure of which could be detrimental to Defendant's competitive interests or identifying information of third parties, i.e., Defendant's current and former employees. Further, where feasible, Defendant has filed on the public docket redacted versions of the documents it seeks to seal to minimize the impact to the public's right to access court records. Since Defendant has provided "compelling reasons" to seal the referenced documents and/or portions of documents, Defendant's request to seal is GRANTED. Defendant shall provide to the Clerk an electronic copy of the documents to be filed under seal as prescribed in Local Rule 141(e)(2)(i).

Dated: August 30, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

4