UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GUILFOYLE,<br><br>        Plaintiff,<br><br>  v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. 12-cv-00703-GEB-CKD<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

        Defendant moves for summary judgment on all claims in Plaintiff's Complaint, or in the alternative, for partial summary judgment. Plaintiff opposes the motion. Plaintiff alleges the following state claims in his Complaint: 1) failure to pay overtime wages in violation of California Labor Code sections 510, 1194, and 1198; 2) failure to provide meal and rest periods in violation of California Labor Code sections 226.7 and 512; 3) failure to provide accurate itemized wage statements in violation of California Labor Code sections 226 and 1174; 4) failure to pay wages on termination (hereinafter "waiting time penalties") in violation California Labor Code section 203; and 5) unfair business practices proscribed by California Business

1

and Professions Code section 17200.

## I. LEGAL STANDARD

A party seeking summary judgment under Federal Rule of Civil Procedure ("Rule") 56 bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of material in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch.

Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment," . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)); see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. UNDISPUTED FACTS

The following facts are undisputed under Local Rule 260(b). Plaintiff worked as a Store Manager for Defendant Dollar

3

Tree Stores, Inc. at several of Defendant's store locations. (Pl.'s Resp. Def.'s Statement Undisputed Facts ("Pl.'s Resp.") ¶¶ 1-6, ECF No. 55-1.) Plaintiff's annual salary exceeded the minimum required to qualify for the executive exemption under several of California's labor laws. (Id. ¶¶ 64-65.) "[G]enerally in his role as Store Manager, [Plaintiff] was always responsible for supervising at least two other Dollar Tree employees." (Id. ¶ 42.) "[Plaintiff] interviewed and recommended for hire his team of hourly associates and seasonal employees, subject to his District Manager's approval," and "[Plaintiff] disciplined and terminated employees in partnership with Human Resources." (Id. ¶¶ 59, 62.)

"[Plaintiff] ordered fifty percent of the products at each of his stores." (Id. ¶ 75.) "To ensure that he got the 'best' merchandise for his store, [Plaintiff] ordered product[s] twice a day . . . ." (Id. ¶ 73.) "When [Plaintiff] ordered [products], he paid attention to how particular items were selling." (Id. ¶ 74.) At one particular store, Plaintiff "had discretion to decide what frozen products to order based on his customers' needs and specific store sales." (Id. ¶ 79.)

"At each and every Dollar Tree store at which Plaintiff worked, more than 50% of his time was spent performing non-exempt duties[,] such as working in the freight run, cashiering, and cleaning."[1] (Def.'s Resp. Pl.'s Separate Statement Undisputed

---

[1] Defendant does not dispute the facts in this sentence but asserts that the deposition testimony on which these facts are based is inadmissible, arguing the testimony "lacks foundation and is vague, ambiguous, conclusory and argumentative, based on inadmissible opinion, and speculation." (Def.'s Evidentiary Objections Supp. Rep. Pl. ("Def.'s Objections") ¶¶ 7-8, ECF No. 60-3.) Review of the deposition testimony reveals that Defendant's objections are unfounded. Therefore, Defendant's objections are overruled.

Facts ("Def.'s Resp.") ¶ 26, ECF No. 60-5.)

### III. DISCUSSION

#### A. Executive Exemption

Defendant argues "[t]he undisputed evidence demonstrates that [Plaintiff] was properly classified as an exempt executive, making California's overtime, [] meal period and rest break," and itemized wage statement laws inapplicable to Plaintiff. (Def.'s Mot. Summ. J. ("Def.'s Mot."), 12:17-18, 23:3-7, ECF No. 42.) Defendant also argues since Plaintiff was exempt from California's overtime law, Defendant did not underpay Plaintiff, and therefore Plaintiff was not entitled to waiting time penalties.

California law prescribes certain rules concerning employee compensation and breaks, and authorizes employee civil actions in the case of violations. See, e.g., Cal. Lab. Code §§ 203, 226, 226.7, 510, 512, 1174, 1194, 1198. "The California Industrial Welfare Commission ("IWC"), a state agency . . . promulgate[s] regulations in the form of 'wage orders,' which govern[] certain employment matters[,] such as" exemption from several of California's employment laws. Korte v. Dollar Treet Stores, Inc., No, 12-cv-541-LKK-EFB, 2013 WL 2604472, at *5 (E.D. Cal. June 2011, 2013) (discussing the creation of the IWC and its authority to prescribe law). IWC Order 7-2001(1)(A) exempts "persons employed in administrative, executive, or professional capacities" in the mercantile industry from California's overtime, meal and rest period, and itemized wage statement laws. Cal. Code Regs. tit. 8, § 11070(1)(A). The executive exemption at issue applies to any employee:

5

>> (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed . . .; and
>
> (b) Who customarily and regularly directs the work of two or more other employees therein; and
>
> (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
>
> (d) Who customarily and regularly exercises discretion and independent judgment; and
>
> (e) Who is primarily engaged in duties which meet the test of the exemption. . . . [and]
>
> (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

Cal. Code Regs. tit. 8, § 11070(1)(A)(1). "[U]nder California law, exemptions from statutory mandatory overtime provisions are narrowly construed. Moreover, the assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 794-95 (1999) (citation omitted).

It is undisputed that requirements (a), (b), (c), and (f) of the executive exemption test are satisfied. (Pl.'s Opp'n 8:11-12, ECF No. 55; Pl.'s Resp. ¶¶ 64-65.) Therefore, Defendant's motion on these issues is granted.

However, Plaintiff argues Defendant has not met its burden of establishing the following requirements: that Plaintiff (d) "customarily and regularly exercise[d] discretion and independent judgment"; and (e) was "primarily engaged in duties

6

which meet the test of the exemption." (Id. 8:14-15.)

### 1. Customarily and Regularly Exercised Discretion and Independent Judgment

Defendant seeks summary judgment on exemption requirement (d) arguing, inter alia, Plaintiff "decide[ed] how often to order merchandise and what merchandise to order." (Def.'s Mot. 17:17-18.) Plaintiff counters that "[t]he discretion of a Dollar Tree store manager like Plaintiff is minimal" and that he "had no discretion on what to stock." (Pl.'s Opp'n 15:4-8.)

#### a. Discretion and Independent Judgment

> "Discretion and independent judgment" within the meaning of [exemption requirement (d)] involves the comparison of possible courses of conduct, and acting after considering various possibilities. It implies that the employee has the power to make an independent choice free from immediate supervision and with respect to matters of significance. . . . Matters of [significance] are those of substantial significance to the policies or general operations of the business of the employer.

Nordquist v. McGraw-Hill Broad. Co., 32 Cal. App. 4th 555, 572 (1995). "[W]here government regulations or internal employer policies and procedures simply *channel* the exercise of discretion and judgment, as opposed to *eliminating* it entirely or otherwise constraining it to a degree where any discretion is largely inconsequential, the executive exemption may still apply." In re United Parcel Serv. Wage & Hour Cases, 190 Cal. App. 4th 1001, 1026 (2010) (emphasis in original).

Plaintiff's ordering responsibilities evince that he

7

"exercised discretion and independent judgment" as a Store Manager. In each store Plaintiff managed, he "ordered fifty percent of the products" sold therein. (Pl.'s Resp. ¶ 75.) Ordering fifty percent of the products sold in a store is of "substantial significance to the . . . general operations of [Defendant's] business." Nordquist, 32 Cal. App. at 572. Plaintiff exercised ordering responsibility free from "immediate supervision," id., and based his ordering decisions on his analysis of "how particular items were selling." (Pl.'s Resp. ¶ 74.) For example, in one store, Plaintiff "had discretion to decide what frozen products to order based on his customers' needs and specific store sales." (Id. ¶ 79.)

Plaintiff counters that "[t]he ordering of products for the stores in which [he] worked was dictated by company guidelines." (Separate Statement Undisputed Material Facts in Opp'n ¶ 9, ECF No. 55-2.) However, this assertion is supported only by Plaintiff's deposition testimony, which contradicts the assertion. In the referenced deposition testimony, Plaintiff testified that "ordering had to be done per company guidelines every day." (Amend. Decl. of Constance Norton Ex. A, Dep. of Sean Guilfoyle 46:3-4, ECF No. 56-1.) This deposition testimony evinces that company guidelines dictated the frequency with which Plaintiff ordered products, rather than which products were to be ordered. Therefore, the uncontroverted facts demonstrate Plaintiff "exercised discretion and independent judgment" when he performed ordering responsibilities.

### b. Customarily and Regularly

The phrase "customarily and regularly" in exemption

1  requirement (d) is not defined in California law, but "[b]ecause
2  the California wage and hour laws are modeled to some extent on
3  federal laws, federal cases may provide persuasive guidance" on
4  the meaning of this phrase. Nordquist, 32 Cal. App. 4th at 562.
5  The phrase "customarily and regularly" is defined under analogous
6  federal regulations to mean "a frequency that must be greater
7  than occasional but which . . . may be less than constant. Tasks
8  or work performed 'customarily and regularly' includes work
9  normally and recurrently performed every workweek; it does not
10 include isolated or one-time tasks." 29 C.F.R. § 541.701 (2013);
11 see In re United Parcel Serv., 190 Cal. App. 4th at 1024
12 (applying the federal regulatory definition of the phrase
13 "customarily and regularly" to analysis of the California
14 executive exemption). "Courts have declined to set bright-line
15 rules regarding what constitutes 'customarily and regularly.'"
16 McKinney v. United Stor-All Ctrs. LLC, 656 F. Supp. 2d 114, 131
17 (D.D.C. 2009) (citing Morgan v. Family Dollar Stores, Inc., 551
18 F.3d 1233, 1277 (11th Cir. 2008)). Further, the phrase
19 "customarily and regularly" does not imply a "majority of the
20 time" test. Taylor v. Waddell & Reed, Inc., No. 09-cv-2909 AJB
21 (WVG), 2012 WL 10669, at *3 (S.D. Cal. Jan. 3, 2012) (citing Lint
22 v. Nw. Mut. Life Ins. Co., No. 09-cv-1373 DMS (RBB), 2010 WL
23 4809604, at *3 (S.D. Cal. Nov. 19, 2010) (finding that in the
24 outside sales exemption context, ten to twenty percent of time
25 satisfied a "customarily and regularly" standard)).
26         It is undisputed that "[t]o ensure that [Plaintiff] got
27 the 'best' merchandise for his store, [Plaintiff] ordered
28 products twice a day." (Pl.'s Resp. ¶ 73 (emphasis added).) The

9

merchandise ordering process demonstrates that Plaintiff "was responsible for making numerous discretionary decisions on a daily basis, with little or no supervision." In re United Parcel Serv., 190 Cal. App. 4th at 1025. Therefore, no genuine issue of material fact exists on the issue of whether Plaintiff "customarily and regularly exercised independent judgment and discretion." Accordingly, Defendant's motion is granted on this executive exemption requirement.

### 2. Primarily Engaged in Duties Which Meet the Test of the Exemption

Defendant seeks summary judgment on executive exemption requirement (e), arguing that even if Plaintiff "spent more than half of his time [on the non-exempt duties of] stocking, cleaning and cashiering," Defendant's "expectations that [Plaintiff] [would] perform exempt tasks more than half of his time were realistic." (Def.'s Mot. 19:15, 21:16-17.) Plaintiff counters that Defendant "knew [its] expectations were not realistic because it pressured Plaintiff . . . to falsify certifications" that more than half his time was spent on exempt duties "under the threat of termination." (Pl.'s Opp'n 13:22-24.)

Under California law, the term "primarily" in the phrase "primarily engaged in duties which meet the test of the exemption," Cal. Code Regs. tit. 8, § 11070(1)(A)(1)(e), "means more than one-half the employee's worktime." Cal. Lab. Code § 515(e). When an employee "falls below the 50 percent mark due to his own substandard performance," the employee is not "able to evade a [] exemption." Ramirez, 20 Cal. 4th at 802. The applicable wage order prescribes:

>> The work actually performed by the employee during course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement.

Cal. Code Regs. tit. 8, § 11070(1)(A)(1)(e). When evaluating employer expectations, "the trial court should consider . . . whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job." Ramirez, 20 Cal. 4th at 802.

It is undisputed that "[a]t each . . . Dollar Tree store at which Plaintiff worked, more than 50% of his time was spent performing non-exempt duties such as working in the freight run, cashiering, and cleaning." (Def.'s Resp. ¶ 26.) However, Defendant argues the "primarily engaged in" requirement of section (e) of the executive exemption test is still satisfied since it "repeatedly communicated its expectation that Guilfoyle spend the majority of his time performing exempt duties." (Def.'s Mot. 20:26-27.)

Plaintiff counters with evidence disputing whether Defendant realistically expected Plaintiff to spend more than half of his time on exempt duties. Plaintiff presents his deposition testimony in which he testified that Matt Rodriguez, one of Defendant's District Managers, told him to answer "yes" on a form certifying that he had spent fifty percent or more of his time on exempt duties. (Decl. Jeffrey Fulton Opp'n Def.'s Mot. Ex. 1, Dep. of Sean Guilfoyle 96:16-22, ECF No. 55-7.) Plaintiff

11

testified that Mr. Rodriguez told him that he "would be fired if [he] kept" answering on work certification forms that he had not spent more than half of his time on non-exempt duties. (Id. 96:17-18.) Plaintiff also testified that Mr. Rodriguez told him that he was relaying the termination "threat from higher up."[2] (Id. 98:1-4.) A reasonable inference can be drawn from Plaintiff's evidence that Defendant, through its employee district manager, instructed Plaintiff to falsely certify that he spent more than half his time on non-exempt duties because Defendant did not realistically expect Plaintiff to spend more than fifty percent of his time on exempt duties.

Therefore, Defendant's motion on the "primarily engaged in" requirement—and by consequence, the executive exemption—is denied.

**B. Meal and Rest Period Claim**

Defendant also seeks summary judgment on Plaintiff's meal and rest period claim, contending that Defendant "permitted employees to take meal period and rest breaks and no policy or practice prohibited managers from taking meal periods and rest breaks if they were the only manager in the store." (Def.'s Mot.

---

[2] Defendant objects to the admission of Plaintiff's deposition testimony cited in this paragraph, arguing it is inadmissible hearsay. (Def.'s Objections ¶¶ 10-11.) However, under Federal Rule of Evidence 801(d)(2)(D), statements "offered against an opposing party . . . made by the party's agent or employee on a matter within the scope of that relationship while it existed" are not considered hearsay. Defendant has not shown why its objection should be sustained in light of this rule. Therefore, this objection is overruled.
   Defendant also argues in a conclusory manner that Plaintiff's deposition testimony pertaining to the statements of his district manager is inadmissible because it "lacks foundations, is unfairly prejudicial, confusing and misleading, and constitutes inadmissible opinion." (Def.'s Objections ¶¶ 10-11.) These conclusory and unsupported evidentiary objections are also overruled.

12

22:23-25.)

"The employer satisfies [its meal period] obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." Brinker Rest. Corp. v. Sup. Ct., 53 Cal. 4th 1004, 1040 (2012). Plaintiff presents the following deposition testimony concerning breaks:

> Most of the time I was on break, I ended up—if I was the only manager, I ended up being called in. I could not leave the store to go to lunch unless there was another manager present. And even then, a lot of times I couldn't leave.
>
> I tried to take breaks but most of the time it ended up that I didn't really get breaks.[3]

(Decl. Jeffrey Fulton Opp'n Def.'s Mot. Ex. 1, Dep. of Sean Guilfoyle 117:25-118:6.) Plaintiff's evidence creates a genuine issue of material fact on the issue of whether he was allowed "a reasonable opportunity to take [] uninterrupted" breaks. Brinker, 53 Cal. 4th at 1040. Therefore, Defendant's motion on Plaintiff's meal and rest period claim is denied.

**C. Wage Statement Claims**

Defendant seeks summary judgment on Plaintiff's wage statement claim, contending that Plaintiff "cannot show [Defendant] knowingly and intentionally failed to provide him with accurate itemized statements" since "there is a good faith dispute as to whether [Plaintiff] was properly classified as

---

[3] In a conclusory manner, Defendant raises the following evidentiary objections to this portion of Plaintiff's deposition testimony: lack of foundation, best evidence rule, risk of unfair prejudice, and improper opinion testimony. (Def.'s Objections ¶ 14.) These evidentiary objections are overruled.

13

exempt." (Def.'s Mot. 23:9-10, 23:12-13.)

California Labor Code section 226(e)(1) prescribes penalties for employees injured "as a result of a knowing and intentional failure by an employer to comply with" California's itemized wage statement law. "[T]he factual question of whether an employer had a good faith belief that it was not violating Section 226 is generally for the factfinder to resolve at trial." Ricaldi v. U.S. Investigations Servs., LLC, 878 F. Supp. 2d 1038, 1047 (C.D. Cal. 2012) (collecting cases). Since a genuine issue of material fact exists concerning Defendant's realistic expectations about Plaintiff's work, it cannot be held as a matter of law that there is a "good faith dispute as to whether [Plaintiff] was properly classified as exempt." (Def.'s Mot. 23:12-13.)

Defendant also seeks summary judgment on Plaintiff's wage statement claim arguing that the "wage statement[s] [at issue] satisfied the transparency purpose of Labor Code section 226" since, by listing Plaintiff's total hours worked as forty, the statements "clearly reflected the fact that [Plaintiff] was categorized as exempt and did not receive any overtime pay." (Def.'s Mot. 24:22-26.) However, Defendant provides no authority supporting this argument.

Therefore, Defendant's motion on Plaintiff's wage statement claim is denied.

### D. Waiting Time Penalties

Defendant seeks summary judgment on Plaintiff's section 203 waiting time penalties claim, arguing that it had a "good faith belief" that Plaintiff was properly classified as an exempt

executive, and therefore this belief precludes satisfaction of the "willfulness" requirement in Section 203. (Def.'s Mot. 15-16.) Plaintiff counters that issues of Defendant's "intent" and "motive" are not "appropriate for disposition on summary judgment." (Pl.'s Opp'n 16:8-9.)

California Labor Code section 203 prescribes that when "an employer <u>willfully</u> fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty." (emphasis added) "[A] good faith belief in a legal defense will preclude a finding of willfulness" within the meaning of section 203. <u>Arementa v. Osmose</u>, 135 Cal. App. 4th 314, 325 (2005). "The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist." Cal. Code Regs. tit. 8, § 13520(a). However, "[d]efenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.'" <u>Id.</u>

Since Defendant's realistic expectations about Plaintiff's work duties are in dispute, it cannot be held as a matter of law that Defendant held "a reasonable and good faith belief that [Defendant] was properly classified" as exempt. (Def.'s Mot. 25-26.) Therefore, Defendant's motion on Plaintiff's waiting time penalties claim is denied.

**E. Unfair Business Practices**

Defendant also seeks summary judgment on Plaintiff's unfair business practices claim that Defendant "conducted business activities while failing to comply with . . . legal

15

mandates." (Not. of Removal Ex. 1 ¶ 57, ECF No. 1.) Plaintiff's unfair business practices claim "'borrows' violations of other laws and treats these violations . . . as unlawful practices." Farmers Ins. Exchange v. Sup. Ct., 2 Cal. 4th 377, 383 (1992). Defendant argues "because [Plaintiff's] underlying claims fail, . . . so does his [unfair business practices] claim." (Def.'s Mot. 26:11.) However, since all of Plaintiff's underlying claims survive summary judgment, this portion of Defendant's motion is denied.

Defendant also requests that "[i]n the event this Court declines to summarily adjudicate Guilfoyle's unfair business practices claim, this Court should find that he is not entitled to a jury trial as to [this claim]." (Id. 26:18-20.) However, this is a conclusory request that lacks the concreteness required for a ruling, since it is unclear whether Defendant requests the judge to resolve factual disputes concerning this claim. Therefore, Defendant has not shown that a decision on this portion of the motion should issue.

### IV. CONCLUSION

For the stated reasons, Defendant's summary judgment motion is granted and denied in part. Summary judgment is granted on requirements (a), (b), (c), (d), and (f) of the executive exemption. The remaining portions of the motion are denied.

Dated: January 8, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

16